TODD A. SICKEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sickel v. Commissioner
Docket No. 14260-78.
United States Tax Court
T.C. Memo 1980-278; 1980 Tax Ct. Memo LEXIS 304; 40 T.C.M. (CCH) 780; T.C.M. (RIA) 80278; July 29, 1980, Filed Todd A. Sickel, pro se. Alan M. Jacobson, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: [1] Respondent determined the following deficiencies in petitioner's Federal income taxes: Year
Deficiency
1975
$1,270.90
1976
1,973.20
1977
2,118.00
The sole issue for our determination is whether petitioner, an outside salesperson, is entitled to deduct, under section 162(a), [2] employee business expenses for the years at issue. *305 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by reference. At the time he filed his petition, petitioner resided at Kansas City, Missouri. Petitioner, a cash basis taxpayer, timely filed individual Federal income tax returns for 1975, 1976, and 1977. During the years at issue, petitioner was employed as an outside salesperson with Cook Paint and Varnish Company (hereinafter Company), North Kansas City, Missouri. His employment contracts, entered into on December 1 of each year at issue, provided in part: Supplementing and subject to the terms of employment card heretofore executed by you, and in consideration of your loyally putting forth your best efforts for producing maximum profitable sales in your territory, we will pay you in addition to your SALARY, COMPANY CAR, and APPROVED EXPENSE a commission as follows: T. 101-4-09 and T. 099-4-01: (A) Your territory will be considered on a 10% selling expense basis and a commission of 4% will be paid on excess net sales after the actual expense has been absorbed on the above basis. In other words, your combined salary and expense *306 for each month will determine your quota for that month and your commission will be 4% of net sales over 10 times your salary and expense. In accordance with these agreements, petitioner received, in addition to his salary, a monthly commission equal to 4 percent of his net sales in excess of his salary and reimbursed expenses multiplied by 10. During 1975, 1976, and 1977, petitioner spent, respectively, $7,859.58, $12,398.62, and $13,296.92 for business expenses for which the Company reimbursed him in full. Petitioner did not report these reimbursements as gross income on his tax returns in these years. During the years at issue, the Company paid petitioner, in salary and commissions, respectively, $18,762.02, $19,712.90 and $20,091.87. These amounts were the only income petitioner reported on his Federal tax returns for these years. Petitioner deducted employee business expenses in the years 1975 through 1977, respectively, in the amounts of $4,715.75, $7,439.17, and $7,979.00. Petitioner computed these amounts by multiplying his expenses in each year by 60 percent. Petitioner contends he is entitled to deduct these respective amounts as employee business expenses *307 since, under his contract with the Company, his commissions were reduced to the effect that he was essentially paying, and was not reimbursed for, 60 percent of his expenses. He argues, for example, that when he took a customer to lunch and paid $10 for that meal, although he was reimbursed $10 from the Company, according to his working agreement, his commission was reduced $6, thereby effectively diminishing to $4 his reimbursement from the Company. Petitioner maintains, further, that for several prior tax years his returns were audited and accepted as filed, using identical procedures and he therefore should not now be penalized as a result of respondent's new interpretation of the law. Respondent, by contrast, asserts that petitioner is not entitled to deduct employee business expenses because he did not pay or incur any expenses; rather, petitioner was completely reimbursed for his expenses by the Company. Moreover, respondent contends that petitioner may not reduce income actually received by the amount of income which he failed to receive. While petitioner's commissions were possibly lower, respondent proceeds, so too were his gross income and taxes thereon. OPINION
*308 We agree with respondent. It is well established that where a taxpayer has an agreement that he will be reimbursed for his expenses, such expenses when made are in the nature of loans or advancements and may not, therefore, be deducted as business expenses. , affd. without published opinion ; , affd. ; . Petitioner had such an agreement with the Company and, in fact, he was reimbursed in full for his expenses. While petitioner's commission would have been greater had he not incurred any expenses, it is clear that a taxpayer cannot reduce ordinary income actually received and reported by the amount of income he failed to realize. ; , affg. per curiam a Memorandum Opinion of this Court; . To the extent his income *309 was thereby reduced, so too were his taxes thereon diminished. Petitioner argues that, having allowed this deduction in prior years after having been audited, he should not be penalized by respondent's new interpretation of the law. However, it has been repeatedly held that respondent is not bound by the representations of his agents and is not precluded from correcting mistakes of law. ; , affd. . Decision will be entered for the respondent.
Footnotes
1. This cases was heard by Judge William H. Quealy. Due to Judge Quealy's resignation from the Court, the case was reassigned.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise stated.↩